UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
AMBREEN F. ZAIDI, SYED ASAD ZAIDI,
and SYED K. ZAIDI,

                             Plaintiffs,        **MEMORANDUM AND ORDER**
                                              2:19-cv-1080 (DRH)(ARL)

      - against –

JP MORGAN CHASE BANK, N.A.,

                             Defendant.
-----------------------------------------------------X

**APPEARANCES**

**LAW OFFICE OF TEJAL SHAH, P.C.**
Attorney for all Plaintiffs
2545 Hempstead Turnpike Suite 403
East Meadow, NY 11554
By:   Tejal N. Shah, Esq.

**ZEICHNER ELLMAN & KRAUSE LLP**
Attorney for Defendant
1211 Avenue of the Americas
New York, NY 10036
By:   Bryan Dean Leinbach, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

In this action, Plaintiffs Ambreen F. Zaidi ("AFZ"), Syed Asad Zaidi ("SAZ"),

and Syed K. Zaidi  ("SKZ")( collectively "Plaintiffs") assert claims against Defendant

JP Morgan Chase Bank, N.A. ("Defendant" or "Chase") for violations of the

Electronic Funds Transfer Act ("EFTA") 15 U.S.C. § 1693 et seq., as well as state

1

law claims of breach of contract and breach of fiduciary duty/negligence. Presently before the Court is Defendant's motion for summary judgment.  For the reasons explained below, the motion is granted.

## PROCEDURAL BACKGROUND

Plaintiffs commenced this action on December 5, 2018 in the Supreme Court of the State of New York, County of Nassau ("Nassau County Supreme Court"). (Compl. ¶¶ 1, 4.)  Plaintiffs' original Complaint named JPMorgan Chase & Co. D/B/A JPMorgan Chase Bank, N.A. as Defendant.  (*Id*. ¶ 2.) In an Amended Complaint, dated January 20, 2019 ("AC"), naming JPMorgan Chase Bank, N.A. as the sole Defendant, it is alleged that Chase "provided joint savings account services to Plaintiffs under account numbers 6128[1], 3682, and a third account, 7055, which has Plaintiff Syed Zaidi as accountholder." (AC ¶ 23.) Plaintiffs allege that "numerous unauthorized fraudulent transfers and withdrawals occurred" between January 23, 2017 and January 20, 2019 from two bank accounts maintained by Defendant for a total sum of $499,476.00. (AC. ¶ 2, 14.) The disputed amounts appear as "APL*ITUNES.COM/BILL 866-712-7" and "APL*ITUNES.COM/BILL 800-275-2273 CA 12/17."  (*Id*. ¶ 29.) Plaintiffs assert a claim under the Electronic Funds Transfer Act ["EFTA"]," as well as claims for breach of contract and negligence/breach of duty. (*Id*. ¶¶ 38-70.)

On February 22, 2019, Defendant removed this action from Nassau County Supreme Court to this Court by filing a Notice of Removal pursuant to 28 U.S.C. §

---

[1] Like the parties, the Court refers to the accounts by their last four digits.

1441.  (Def.'s Notice of Removal [DE 1] ¶ 1.) On August 2, 2019, the Court denied Plaintiffs' motion to remand this matter to state court. (DE 10.)

On October 11, 2019, Defendants filed a fully briefed motion to dismiss the complaint. (DE 14.) On June 10, 2020, the Court entered an Order (1) advising the parties that, in view of the various materials submitted by the parties outside the pleading, including numerous affidavits, the motion to dismiss was being converted to one for summary judgment and (2) setting a briefing schedule for the submission of additional materials, including 56.1 statements required by this Court's Local Rules. (*See* DE 21.)

Local Rule 56.1 requires, *inter alia*, that both the summary judgment movant and nonmovant submit "separate, short and concise statement[s]" of the undisputed "material facts."  Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, Rule 56.1.  Rule 56.1 further provides that "[e]ach numbered paragraph in the statement of material facts set forth in the statement required to be served by the moving party will be deemed to be admitted for purposes of the motion unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."

The fully briefed motion was filed on August 28, 2020. (*See* DE 23, 24, 25.) In opposing the motion, Plaintiffs did not file <u>any</u> response to Defendant's Local 56.1 statement, despite the requirements of Local Rule 56.1 and despite the Court's June l0, 2020 Order which stated that "Plaintiffs shall serve . . .a response to Defendant's 56.1 statement in accordance with the Local Rules of this Court . . . ." Pursuant to

Local Civil Rule 56.1, the movant's "statements are deemed to be admitted where [the non-moving party] has failed to specifically controvert them with citations to the record." *Knight v. N.Y.C. Hous. Auth*., 2007 WL 313435, at *1 (S.D.N.Y. Feb. 2, 2007); *see Giannullo v. City of N.Y.,* 322 F.3d 139, 140 (2d Cir. 2003) ("If the opposing party ... fails to controvert a fact so set forth in the moving party's Rule 56.1 statement, that fact will be deemed admitted."), *N.Y. Teamsters Conf. Pension & Ret. Fund v. Express Servs., Inc.,* 426 F.3d 640, 648-49 (2d Cir. 2005) (upholding grant of summary judgment where "[t]he district court, applying [Northern District of New York's analogue to S.D.N.Y. Loc. Civ. R. 56.1] strictly, reasonably deemed [movant's] statement of facts to be admitted" because the non-movant "offered mostly conclusory denials of [movant's] factual assertions and failed to include any record citations"), *Cayemittes v. City of N.Y. Dep't of Hous. Pres. & Dev*., 974 F. Supp. 2d 240, 243 (S.D.N.Y. 2013) (holding that denials that are not supported by citations to admissible record evidence are to be disregarded).

## FACTUAL BACKGROUND

The following facts are taken from Defendant's 56.1 statement, which facts are deemed undisputed pursuant to Local Rule 56.1(c).

Account 3683 is a Chase college checking account opened in 2014, for which SAZ is the sole signer. Account 7055 is also a Chase college checking account, which was opened on June 14, 2018 and for which SAZ is the sole signer. Neither account is a Chase Private Client account. The signature cards signed by SAZ for Accounts 3683 and 7055 acknowledge receipt of the "Deposit Account Agreement" (the "DAA")

4

and that the DAA is the governing documents for the Accounts. The DAA provides that a customer must notify Chase in writing of the non-receipt of an account statement within 30 days. It further requires that a customer must notify Chase of any errors or unauthorized transfers within 60 days of mailing or otherwise making available to the customer the statement listing the error or unauthorized transfer and if the customer fails to report the error or unauthorized transfer within the 60-day period, Chase is not liable for any unauthorized transfer that occurs after the 60-day period has ended. (Def.'s 56.1 at ¶¶ 7,37-44.)

For Account 3683, Chase made monthly account statements available on line through June 14, 2018 as SAZ requested. The first allegedly[2] unauthorized debit to Account 3683 occurred on October 17, 2016 and appeared on the account statement for the period ending October 27, 2016 as "Apl*Itunes.Com/Bill 866-712-7753 CA" ("Apple Debits") in the amount of $108.61, which statement was available to SAZ online no later than October 31, 2016.In fact, that statement lists over 30 Apple Debits in various amounts between $54.30 and $109.69 from October 17 to October 27, 2016. (Def.'s 56.1 at ¶ 12-13; Ex. 6 to Majumdar Declar.) Additional allegedly unauthorized charges for "Apl*Itunes.Com/Bill 866-712-7753 CA" appeared on the subsequent statements for Account 3683 for over a period of 20 months. (*See id*. at Ex. 8; Def.'s 56.1 34.) SAZ did not notify Chase that the Apple Debits were unauthorized until June 14, 2018 when he appeared at a Chase branch in

---

[2] For purposes of this motion, it is assumed that the Apple Debits were unauthorized as it is not necessary to determine whether or not they were authorized. In the context of the current motion, it is sufficient that they are disputed.

5

Plainview, New York.  No allegedly unauthorized Apple Debits occurred in the 3683 Account after SAZ's June 14, 2018 report to Chase. The 3683 Account was closed on August 14, 2018. (Def.'s 56. 1 at 15-18.) SAZ had access to his online statements during the relevant time period of the unauthorized transfer from October 2016 through June 2018. (*Id*. at ¶ 33.)

On June 14, 2018, SAZ opened Account 7055. SAZ blocked his online access and did not opt for paperless statements for Account 7055. Account statements were mailed by Chase to SAZ at 15907 Goethals Ave., Jamaica, N.Y. 11432-1122. The first Apple Debit to Account 7055 occurred on November 14, 2018. Between November 14, 2018 and January 14, 2019 105 Apple Debits totaling $11,430.30 were made to Account 7055. On January 20, 2019 SAZ called the Chase Customer Claims Department and notified Chase that certain Apple Debits had occurred in Account 7055. Between January 23, 2019 and January 25, 2019, more than $20,000 was credited to Account 7055 to offset these Apple Debits.

No Apple Debits were posted to Account 6128. (Def.'s 56.1 at ¶36.)

## DISCUSSION

## I.   Summary Judgment Standard

Summary judgment, pursuant to Rule 56, is appropriate only where the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The relevant governing law in each case determines which facts are material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  When making this determination, a court must view all facts "in the light most favorable" to the non-movant, *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014), and "resolve all ambiguities and draw all permissible factual inferences in favor of the [non-movant]," *Johnson v. Killian*, 680 F.3d 234, 236 (2d Cir. 2012) (quoting *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003)). Thus, "[s]ummary judgment is appropriate [only] where the record taken as a whole could not lead a rational trier of fact to find for the [non-movant]." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)) (internal quotation marks omitted).

To defeat a summary judgment motion properly supported by affidavits, depositions, or other documentation, the non-movant must offer similar materials setting forth specific facts demonstrating that there is a genuine dispute of material fact to be tried.  *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009).  The non-movant must present more than a "scintilla of evidence," *Fabrikant v. French*, 691 F.3d 193, 205 (2d Cir. 2012) (quoting *Anderson*, 477 U.S. at 252), or "some metaphysical doubt as to the material facts," *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Matsushita*, 475 U.S. at 586-87), and "may not rely on conclusory allegations or unsubstantiated speculation," *Id.* (quoting *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

The district court considering a summary judgment motion must also be "mindful . . . of the underlying standards and burdens of proof," *Pickett v. RTS*

*Helicopter*, 128 F.3d 925, 928 (5th Cir. 1997) (citing *Anderson*, 477 U.S. at 252),

because the "evidentiary burdens that the respective parties will bear at trial guide

district courts in their determination[s] of summary judgment motions," *Brady v.

Town of Colchester*, 863 F.2d 205, 211 (2d Cir. 1988).  "[W]here the [non-movant]

will bear the burden of proof on an issue at trial, the moving party may satisfy its

burden by pointing to an absence of evidence to support an essential element of the

[non-movant's] case." *Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 486

(2d Cir. 2014) (quoting *Brady*, 863 F.2d at 210-11) (internal quotation marks

omitted).  Where a movant without the underlying burden of proof offers evidence

that the non-movant has failed to establish his claim, the burden shifts to the

non-movant to offer "persuasive evidence that his claim is not 'implausible.' "

*Brady*, 863 F.2d at 211 (citing *Matsushita*, 475 U.S. at 587).  "[A] complete failure of

proof concerning an essential element of the [non-movant's] case necessarily renders

all other facts immaterial." *Crawford*, 758 F.3d at 486 (quoting *Celotex Corp. v.

Catrett*, 477 U.S. 317, 323 (1986).

## II.    The EFTA Claim

### A.    Applicable Law

The EFTA "provide[s] a basic framework establishing the rights, liabilities,

and responsibilities of participants in electronic fund and remittance transfer

systems." 15 U.S.C. § 1693(b).  "To state a claim under the EFTA, plaintiff must

allege that the accounts in question 1) were 'demand deposit, savings deposit, or

other asset account[s]'; 2) 'established primarily for personal, family, or household

purposes'; and 3) that the unauthorized 'electronic fund transfer' was 'initiated through an electronic terminal, telephone, computer, or magnetic tape for the purpose of ordering, instructing, or authorizing a financial institution to debit or credit a consumer's account.' " *Apostolidis v. JP Morgan Chase & Co.,* 2012 WL 5378305, at \*5 (E.D.N.Y.,2012) (quoting *Bodley v. Clark*, 2012 Wl 3042175, at \*3 (S.D.N.Y. July 23, 2012).

The EFTA contains the governing procedure for resolution of errors. "[A]n error consists of . . . an unauthorized electronic fund transfer." *Id.* at § 1693(f)(1). The EFTA requires that a customer give notice of an alleged unauthorized debit to a bank account within 60 days after the bank makes the statement containing the alleged unauthorized debit available to the customer. *Id.* at § 1693g(a); *see Overby v. Chase Manhattan Bank*, 351 F. Supp. 2d 219, 225 (S.D.N.Y. 2005). If the customer fails to notify the bank of alleged errors within that 60-day period, the bank is not liable "for losses the financial institution establishes would not have occurred but for the failure of the consumer to report the unauthorized transfers or errors that appear on the statement within sixty days of the statement. *Id.* at § 1693g(a). However, the Bank remains liable for unauthorized debits that occurred during the sixty day period, provided the customer brings a claim within the statute of limitations. *Camacho v. JPMorgan Chase Bank*, 2015 WL 5262022, \*3 (N.D. Cal. Sept. 9, 2015). An action pursuant to the EFTA must be commenced "within one year from the date of the occurrence of the violation." 15 U.S.C § 1693m(g).

**B.     Discussion**

Given that there are three accounts at issue the Court will examine each

account individually, beginning with Account 3683.

1.     Account 3683

It is undisputed that the first Apple Debit occurred on October 17, 2016. The

statement containing this charge was available electronically to SAZ (pursuant to

his agreement to so receive them) no later than October 31, 2016. Under the EFTA,

SAZ was required to notify Chase of this error by December 30, 2016. There is no

dispute that Chase was not notified of the allegedly unauthorized debit until June

14, 2018, more than seventeen months later. Moreover, given that it is also

undisputed that  the Apple Debits to this account ceased after SAZ reported these

debits to Chase, Chase has demonstrated that the subsequent Apple Debits would

not have occurred but for the failure of SAZ to reports the Apple Debits .

SAZ argues that while he had access to his on-line statements, when he

looked at his account "the balance was fine."[3] That argument is unavailing. The

obligation to review statements under the EFTA extends to more than just "looking

at the balance."  A customer is required to examine the entire statement, including

individual debits and credits. That SAZ looked at screenshots for the balance in his

---

[3] Although neither party addresses this issue, based on the exhibits before the
Court, it would appear that the balance for Account 3683 looked "fine" because, as is
discussed later on, funds were transferred from Account 6128 to Account 3683.

account does not relieve him of the obligations under the EFTA to review his account statements and the specific transactions set forth therein.

Given the foregoing Chase is entitled to summary judgment on all the Apple Debits for account 3683, except those occurring on or before December 30, 2016.

As to those Apple Debits to account 3683 occurring on or before December 30, 2016, SAZ's claims are time barred. With respect to unauthorized transfers, § 1683m(g) requires that EFTA claims be filed within one year of the date of the unauthorized transfer at issue. *See Camacho*, 2015 WL 5262022, at *3. The instant action was commenced on December 8, 2018, barring recovery for any unauthorized transactions occurring in Account 3683 prior to December 30, 2017, which encompasses all transactions not otherwise precluded by SAZ's failure to comply with the 60-day reporting requirement, entitling Chase to summary judgment on those claims as well.

In sum, Chase is entitled to summary judgment on all claims relating to account 3683.[4]

### 2.   Account 7055

The first Apple Debit to Account 7055 occurred on November 14, 2018. Between November 14, 2018 and January 14, 2019, 105 Apple Debits totaling $11,430.30 were made to Account 7055. On January 20, 2019 SAZ called the Chase Customer Claims Department and notified Chase that certain Apple Debits had

---

[4] Additionally, as neither AFZ nor SKZ are parties to account 3683, all their claims as that account as dismissible for lack of standing.

occurred in Account 7055. Given that the first statement with an Apple Debit was not available to SAZ prior to November 20, 2018, he satisfied the EFTA's 60-day notice requirement. Indeed, Defendant does not contend otherwise.

However, Plaintiff does not dispute Defendant's statement that between January 23, 2019 and January 25, 2019, more than $20,000 was credited by Chase to Account 7055 to offset the Apple Debits to this account. In other words, SAZ was reimbursed for the disputed debits to account 7055 and therefore has suffered no injury. On that basis, Defendant is entitled to summary judgment on the EFTA claims relating to Account 7055.[5]

> 3.    Account 6128

As framed by the amended complaint, which is anything but a model of clarity, the "unauthorized transfers occurred for the payment of services to a merchant identifying itself as 'APL*ITUNES.COM/BILL 866-712-7' and 'APL*ITUNES.COM/BILL 800-275-2273 CA 12/17'." Plaintiffs do not dispute, however, that no such transfers occurred with respect to Account 6128. On that basis alone, Defendant is entitled to summary judgment as that account.

Based on the account statements for this submitted by Chase, sums were apparently transferred from Account 6128 to Account 3683, which could explain why when SAZ supposedly checked the balance for Account 3683 it looked fine. But there is an absence of any allegations in the complaint that these transfers were

---

[5] As with Account 3683, AFZ and SKZ lack standing to assert any claims for unauthorized debits as to account 7055 as they not parties to that account.

unauthorized. More importantly, with respect to the instant motion for summary judgment, no evidence has been submitted that these transfers were unauthorized, thus rendering the reliance on "screen shots" of the account balance for Account 6128 irrelevant.

 In addition to being irrelevant, it is also noteworthy, as Defendant points out, that Plaintiffs have failed to lay a proper foundation for consideration of the screenshots. The two screenshots were submitted as an attachment to an affidavit of SAZ. One screenshot supposedly taken by SAZ on June 13, 2018 shows an available balance of $469,284.80 for Account 6128. The second screenshot was supposedly taken by his brother, SKZ , "the same day" in Pakistan shows an available balance of   $142,747.61 in that account. As to the submitted screenshots, SAZ cannot attest to the authenticity of the screen shot taken by his brother and does not properly attest to the authenticity of the screenshot he says he took.[6]

Chase's motion for summary judgment on the EFTA claim as to account 6128 is granted.

## III.    Plaintiff's State Law Claims

### A.    The Breach of Contract Claim

Plaintiffs' breach of contract claims fails for the same reason their EFTA claims fail.

---

[6] The Court notes parenthetically that the screen shot supposedly taken by SAZ shows not only the available balance for Account 6128, but an available balance of $265.80 on June 13, 2018 for Account 3683, which balance does not match any of the balances shown for that day on the account statement for Account 3683.

It is undisputed that the relevant Deposit Agreements provides that Chase must be notified of any errors or unauthorized transfers within 60 days of mailing or otherwise making available the statement listing the error or unauthorized transfer and further, that if the unauthorized transfers or errors are not so reported, Chase is not liable for unauthorized transactions that occur after the 60-day notice period has ended. In other words, the Deposit agreement mirrors the language of the EFTA with respect to notification and liability.

The Deposit Agreement also incorporates EFTA's one year statute of limitations. *See* Exs. 3, 4, 5 to Majumdar Declar. ("You must file a lawsuit or arbitration against [Chase] within two years after the cause of action arises, unless federal or state law an applicable agreement provides for a shorter time.")

Under the terms of the Deposit Agreement, the claim for the unauthorized Apple Debits to Account 3683 after December 31, 2016 are barred by the failure to notify and those occurring before that date are barred by the statute of limitations.

SAZ having been reimbursed for the Apple Debits to Account 7055 and their being no unauthorized Apple Debits to Account 6128, Chase is entitled to summary judgment on the breach of contract claims for these accounts as well.

## B.     Breach of Fiduciary Duty/Negligence

To establish a breach of fiduciary duty under New York law, a plaintiff must prove "the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct.*" Berman v. Sugo LLC*, 580

F. Supp. 2d 191, 204 (S.D.N.Y. 2008). A "fiduciary relationship arises between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relation." *Oddo Asset Mgmt. v. Barclays Bank PLC*, 19 N.Y.2d 584, 973 N.E.2d 735, 740 (2012) (citation omitted). A fiduciary relationship is "grounded in a higher level of trust than normally present in the marketplace between those involved in arm's length business transactions." Id. (citation omitted). Accordingly, "when parties deal at arm's length in a commercial transaction, no relation of confidence or trust sufficient to find the existence of a fiduciary relationship will arise absent extraordinary circumstances." *Pan Am. Corp. v. Delta Air Lines, Inc.*, 175 B.R. 438, 511 (S.D.N.Y. 1994); *see also SNS Bank, N.V. v. Citibank, N.A.*, 777 N.Y.S.2d 62, 65 (1st Dep't 2004) (affirming dismissal of breach of fiduciary duty claim because "the parties merely had an arm's length business relationship").

There is generally no fiduciary relationship between a debtor and a creditor, bank and borrower, or broker and customer, absent allegations about the interactions between the parties that suggests a special relationship of confidence and trust so as to impose a duty. *See Oddo Asset Mgmt.*, 793 N.E.2d at 741; *Pan Am. Corp.*, 175 B.R. at 511; *DeBlasio v. Merrill Lynch & Co., Inc.*, 2009 WL 224605, at *28-29 (S.D.N.Y. July 27, 2009). "[T]he underlying relationship between a bank and a depositor is [a] contractual one of debtor and creditor, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chem. Bank*, 57 N.Y.2d 439, 444 (1982). Typical banking

transactions do not create a fiduciary relationship. *See Aaron Ferer & Sons Ltd. v. Chase Manhattan Bank*, 731 F.2d 112, 122 (2d Cir.1984) (holding that under New York law the "usual relationship" of bank and depositor is based on contractual principles and involves no fiduciary duty from bank to depositor); *accord Tevdorachvili v. Chase Manhattan Bank*, 103 F. Supp. 2d 632, 640 (E.D.N.Y. 2000).

A claim for negligence requires the following elements: "(1) the existence of a duty on defendant's part as to the plaintiff; (2) a breach of this duty; and (3) injury to the plaintiff as a result thereof." *Akins v. Glens Falls City Sch. Dist.*, 53 N.Y.2d 325, 333 (1981); *see Aegis Ins. Servs., Inc. v. 7 World Trade Co.,* 737 F.3d 166, 177 (2d Cir. 2013); *Cabrera v. United Sta*tes, 2020 WL 5992929, at *12 (S.D.N.Y. Oct. 9, 2020). The typical banking relationship does not involve any duty that could support a tort-based negligence claim. *Tevdorachvili*, 103 F. Supp. 2d at 640.

Plaintiffs claim, without citations to any authority, that "Chase possessed a special relationship to Plaintiff s stemming from their relationship as customers in the Chase Private Client Group." (Pls.' Mem. in Opp. at 17.) Assuming arguendo' such is the case, it is undisputed that the only account in the Private Client Group was Account 6128 and as set forth above, there is no claim, no less evidence, of any unauthorized transactions in that account.

Summary judgment is granted in favor of Defendant on the claim for breach of fiduciary duty/negligence.

## CONCLUSION

Defendant's motion for summary judgment is granted in toto. The Clerk of

Court is directed to enter judgment accordingly and to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
        March  5, 2020

                                        /s Denis r. Hurley
                                        Denis R. Hurley
                                        Unites States District Judge

17